CASE NO. 15-10590

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

———————————

UNITED STATES OF AMERICA

*Plaintiff-Appellee,*

v.

SHAUN W. BRIDGES,

*Defendant-Appellant.*

———————————

## DEFENDANT-APPELLANT'S OPENING BRIEF
## FILED PURSUANT TO *ANDERS v. CALIFORNIA*

———————————

Appeal From a Judgment of the
United States District Court for the Northern District of California
Case No. 3:15-cr-00319-RS The Honorable Richard Seeborg,
United States District Judge

———————————

HANSON BRIDGETT LLP
Davina Pujari, SBN 183407
Emily M. Charley, SBN 238542
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:  (415) 777-3200
Facsimile:  (415) 541-9366

Attorneys for Defendant-Appellant
Shaun W. Bridges

# <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

I.     INTRODUCTION ............................................................................1

II.    STATEMENT ON JURISDICTION .............................................1

III.   DETENTION STATUS ...............................................................1

IV.   STATEMENT ON RELATED CASES .......................................2

V.     ISSUES PRESENTED ................................................................2

VI.   STANDARD OF REVIEW ........................................................3

VII.   STATEMENT OF THE CASE ...................................................4

VIII.   ARGUMENT .............................................................................8

      A      Bridges Has Not Waived His Right to Appeal.....................8

      B      The Facts Plead To Do Not Support Sophisticated Means.................10

      C      Amount of Loss Adjustment Was Calculated Incorrectly. .................11

IX.   CONCLUSION...........................................................................12

CERTIFICATE OF COMPLIANCE.......................................................13

PROOF OF SERVICE .............................................................................14

CERTIFICATE OF FILING AND SERVICE .......................................15

i

12393165.1

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Anders v. California*
386 U.S. 738 (1967)..............................................................................1

*Gall v. United States*
552 U.S. 38 (2007)................................................................................3

*United States v. Bibler*
495 F.3d 621 (9th Cir. 2007) ...............................................................8

*United States v. Bolinger*
940 F.2d 478 (9th Cir. 1991) ...............................................................9

*United States v. Henderson*
649 F.3d 955 (9th Cir. 2011) ...........................................................3, 4

*United States v. Jaramillo-Suarez*
857 F.2d 1368 (9th Cir. 1988) .............................................................9

*United States v. Jordan*
256 F.3d 922 (9th Cir. 2001) .............................................................10

*United States v. Kamer*
781 F.2d 1380 (9th Cir. 1986) .............................................................9

*United States v. Nguyen*
235 F.3d 1179 (9th Cir. 2000) .............................................................3

*United States v. Smith*
60 F.3d 595 (9th Cir. 1995) .................................................................3

12393165.1

**Federal Statutes**

Federal Rules of Criminal Procedure, Rule 11 ................................................*Passim*

18 U.S.C.
   § 208 ...........................................................................................................1
   § 1512 ..................................................................................................2, 6, 7
   § 1951 ...........................................................................................................2
   § 1956 ...........................................................................................................2
   § 1957 ....................................................................................................6, 10
   § 3231 ...........................................................................................................1
   § 3553 ...........................................................................................................8

28 U.S.C.
   § 1291 ...........................................................................................................1

**Other Authorities**

U.S.S.G.
   § 2B1.1(a) .....................................................................................................5
   § 2B1.1(b) ...............................................................................5, 6, 10, 11, 12
   § 2J1.2(a) ......................................................................................................5

12393165.1

# I.  INTRODUCTION

This brief is submitted in accordance with *Anders v. California*, 386 U.S. 738 (1967).  After having carefully examined this record and after having researched the relevant statutes and case law, counsel has concluded that this appeal presents only legally frivolous issues.  Therefore, counsel requests the Court's permission to withdraw as attorney of record and to allow Appellant to file any further briefs he deems necessary.

# II.  STATEMENT ON JURISDICTION

The district court had jurisdiction under 18 U.S.C. § 3231.  Defendant-Appellant Shaun W. Bridges ("Bridges") was charged with violating 18 U.S.C. §§ 208 (conflict of interest), 641 (theft of government property), 1343 (wire fraud), and 1956(h) (money laundering).  By agreement, Bridges waived his right to challenge venue in the Northern District of California.  (E.R. p. 169:3-4.)

This court has jurisdiction pursuant to 28 U.S.C. § 1291.  The district court entered its final judgment and sentence on December 7, 2015, and Bridges filed timely notice of appeal on December 15, 2015.

# III.  DETENTION STATUS

Bridges is in custody at the Communications Management Unit at the Federal Correctional Institution in Terre Haute, Indiana, serving the sentence of 71

12393165.1

months that was imposed by the district court.  Bridges projected release date is on or about January 29, 2021.

## IV.    STATEMENT ON RELATED CASES

In the related case of United States v. Carl Mark Force IV, Case No. CR 15-0319 RS, which involved alleged similar conduct by a Special Agent of the Drug Enforcement Agency who worked with Bridges, the defendant was sentenced to 78 months in custody on October 19, 2015 for violations of 18 U.S.C. § 1956(a) (money laundering), 18 U.S.C. § 1512(c)(2) (obstruction of justice), and 18 U.S.C. § 1951 (extortion under color of official right).  No notice of appeal was filed.

On or about June 30, 2016, the government unsealed a search warrant in the District of Maryland, Case No. 16-0197 TJS, for the search of Bridges' residence in Laurel, Maryland.

## V.    ISSUES PRESENTED

A.    Bridges' waiver of the right to appeal is not a bar to this appeal because Bridges' guilty plea failed to comply with Federal Rules of Criminal Procedure, Rule 11.

B.    Bridges' waiver of the right to appeal is not a bar to this appeal because the government breached the terms of the plea agreement and made contrary representations to the district court during the sentencing hearing.

2

C.     The district court procedurally erred in applying a sophisticated means enhancement based on a surprise witness who offered testimony not proven by clear and convincing evidence and in conflict with the plea agreement facts.

D.     Based on the facts stated in the plea agreement, the offense does not qualify for a sophisticated means enhancement where a garden-variety money laundering scheme was employed.

E.     The district court erred in calculating the amount of loss, and thus the Sentencing Guidelines level is inaccurate.

## VI.    STANDARD OF REVIEW

The validity of a waiver of the right to appeal is reviewed de novo, as is whether the trial court's colloquy with the defendant satisfies the requirements of Rule 11 of the Federal Rules of Criminal Procedure.  *United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir. 2000); *United States v. Smith*, 60 F.3d 595, 597 (9th Cir. 1995).

In reviewing sentencing decisions, this Court "must first ensure that the district court committed no significant procedural error."  *Gall v. United States*, 552 U.S. 38, 51 (2007).  This Court reviews the district court's "interpretation of the Sentencing Guidelines de novo, its application of the Guidelines to the facts for abuse of discretion, and its factual findings for clear error."  *United States v. Henderson*, 649 F.3d 955, 958 (9th Cir. 2011).

3

12393165.1

## VII.   STATEMENT OF THE CASE

In January 2013, Bridges was a Special Agent with the United States Secret Service assigned to the Baltimore Silk Road Task Force and a member of the Secret Service's Electronic Crimes Task Force.  (E.R. p. 167:16-20.)  At that time, the Baltimore Silk Road Task Force was investigating Silk Road – a website where illegal goods are posted for sale and accessible only through a browser designed for anonymity – Silk Road's vendors and buyers, and its manager Ross William Ulbricht (a/k/a "Dread Pirate Roberts").  (*Id*.)  In connection with the Baltimore Silk Road Task Force, there was an ongoing Grand Jury investigation in the District of Maryland.   (E.R. p. 167:22-24.)

On January 25, 2013, Bridges participated in the search, arrest and interview of a Silk Road customer support representative.  (E.R. pp. 157:23-158:4.)  During that interview, the customer support representative provided Bridges with his administrator access and password.  (*Id.*)  That same day, Bridges used the administrator account to reset passwords for other account users, and then logged into those other accounts and transferred approximately 20,000 bitcoins into his own account.  (E.R. p. 166:11-17.)  Bitcoin is a virtual currency and the only form of payment accepted on Silk Road.  (E.R. p. 157:1-4.)  The value of the bitcoin Bridges transferred was approximately $350,000.  (E.R. p. 166:17-18.)

4

12393165.1

Carl M. Force ("Force") was a Special Agent with the Drug Enforcement Administration and also assigned to the Baltimore Silk Road Task Force. (E.R. p. 168:4-7.) In May 2014, there was an ongoing San Francisco Grand Jury investigation into former Special Agent Force's potential misconduct as an agent. (E.R. p. 168:4-6.) In connection with the San Francisco Grand Jury's investigation, Bridges was interviewed by various federal agencies, and each time he misled those agents. (E.R. p. 168:8-19.)

Bridges' money laundering diverted investigative time from the Baltimore Silk Road Task Force, created additional incentives for further criminal activity, and otherwise obstructed the Baltimore Silk Road Task Force's investigation. (E.R. pp. 167:22-5:3.) In addition, during the interviews with various federal agents that followed, Bridges obstructed the San Francisco Grand Jury investigation into his and Force's criminal conduct. (E.R. p. 168:20-24.)

On June 15, 2015, Bridges entered into a plea agreement with the government. (E.R. pp. 164-175.) The parties concurred that the base offense level for Count One (money laundering) was 7, pursuant to U.S.S.G. § 2B1.1(a)(1), and the base offense level for Count Two (obstruction of justice) was 14, pursuant to U.S.S.G. § 2J1.2(a). (E.R. pp. 170-171.) Pursuant to U.S.S.G. § 2B1.1(b)(1)(H), the parties agreed to a 14-level adjustment for the amount of loss, and left the 2-level enhancement for sophisticated means pursuant to U.S.S.G. § 2B1.1(b)(10) to

12393165.1

be argued at sentencing. (*Id.*) The resulting agreed-upon combined offense level, given Bridges' lack of any prior criminal convictions, was 23-25. (E.R. p. 171.) The terms of the plea agreement included Bridges' waiver of his right to appeal. (E.R. p. 169:5-11.)

On August 31, 2015, Bridges signed a waiver of indictment (E.R. p. 155), and attended a change of plea hearing. (E.R. pp. 87-126.) During the hearing the district court reviewed with Bridges the terms of the written plea agreement, the constitutional rights Bridges was giving up, and the elements of the offenses. (E.R. pp. 91:16-95:13.) The district court obtained a factual basis for Bridges' guilty plea (E.R. pp. 96:25-101:3, 102:1-109:6), and Bridges entered pleas of guilty to a violation of 18 U.S.C. § 1957 (Count One, money laundering) and 18 U.S.C. § 1512(c)(2) (Count Two, obstruction of justice). (E.R. 109:7-17.)

The counsel each filed sentencing memoranda; the United States Attorney requested 71 months (E.R. p. 139:22-23) and Bridges requested 36 months. (E.R. p. 152:13-18.) Following review of the pre-sentencing report, the sentencing memoranda, commendations and letters of support, the district court considered the victim impact statement made by Curtis Green at the sentencing hearing on December 7, 2015. (E.R. pp. 10:3-13, 29:23-37:2.) The government argued that Bridges transferred the bitcoins he stole to Mr. Green's account so that Bridges would "have a suspect." (E.R. p. 29:2-4.) Mr. Green then testified that, as a result

12393165.1

of Bridges' alleged transfer of bitcoins into Mr. Green's account, he received dozens of death threats, threats against his grandchildren, was house-bound for nearly a year, lost and gained 120 pounds twice, was diagnosed with post-traumatic stress disorder, and sees a psychologist. (E.R. pp. 32:20-25, 33:17-23, 36:8-14.)

Counsel for Bridges objected to Mr. Green's testimony as a surprise victim, noting that it was the first time these claims had been made, that they were not part of the plea agreement, and the accuracy of the claims was questionable. (E.R. pp. 52:21-53:6.) In applying a 2-level enhancement for sophisticated means, the district court noted that "one of the most significant factors" was Mr. Green's testimony and that Bridges' alleged actions could have gotten Mr. Green killed. (E.R. p. 71:5-15.)

The sentencing range, pursuant to the plea agreement, was 57 to 71 months. (E.R. pp. 170-171.) At the conclusion of the sentencing hearing, Bridges was sentenced to 71 months, and a final judgment was entered that same day. (E.R. pp. 1-6, 72:8-11.) Bridges filed a notice of appeal on December 15, 2015. (E.R. pp. 127-128.)

//

//

//

12393165.1

# VIII. ARGUMENT

**A      Bridges Has Not Waived His Right to Appeal.**

Bridges contends he has not waived his right to appeal.  An appeal waiver

will not apply if a defendant's guilty plea failed to comply with Federal Rules of

Criminal Procedure, Rule 11.  *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir.

2007).  Rule 11 of the Federal Rules of Criminal Procedure requires the district

court to inform the defendant of, and determine that the defendant understands, the

following:

- (A)   the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath;
- (B)   the right to plead not guilty, or having already so pleaded, to persist in that plea;
- (C)   the right to a jury trial;
- (D)   the right to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceeding;
- (E)   the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;
- (F)   the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere;
- (G)   the nature of each charge to which the defendant is pleading;
- (H)   any maximum possible penalty, including imprisonment, fine, and term of supervised release;
- (I)   any mandatory minimum penalty;
- (J)   any applicable forfeiture;

(K)    the court's authority to order restitution;

(L)    the court's obligation to impose a special assessment;

(M)    in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a);

(N)    the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence; and

(O)    that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

In reviewing the compliance of a plea with Rule 11, the Court reviews "only the record of the plea proceeding." *United States v. Jaramillo-Suarez*, 857 F.2d 1368, 1372-73 (9th Cir. 1988) (quoting *United States v. Kamer*, 781 F.2d 1380, 1383 (9th Cir. 1986). An analysis of the transcript of the discussion between the district court and Bridges on August 31, 2015 reveals that the district court did not comply with all of the requirements of Rule 11. (E.R. pp. 87- 126.)

An appeal waiver also will not apply if the sentence does not comport with the terms of the plea agreement. *United States v. Bolinger*, 940 F.2d 478, 479-80 (9th Cir. 1991). Here, the government did not act in accordance with the plea agreement, instead making contrary statements to the agreed upon facts in the plea agreement through a surprise alleged victim. (E.R. pp. 29:23-37:2.) Whereas the plea agreement stated the Bridges transferred approximately 20,000 bitcoins into his own account (E.R. p. 166:11-17), at sentencing the government argued that

9

12393165.1

Bridges transferred the bitcoins he stole to Mr. Green's account so that Bridges would "have a suspect." (E.R. p. 29:2-4.)

**B      The Facts Plead To Do Not Support Sophisticated Means.**

Bridges contends that the district court erred by imposing a two-level enhancement for sophisticated means. The possible application of sophisticated means was disputed in the plea agreement and specifically left for argument during the sentencing hearing. (E.R. p. 170:13-14.) Clear and convincing evidence is required for proof of the disputed enhancements. *United States v. Jordan*, 256 F.3d 922, 927 (9th Cir. 2001).

The 2015 Sentencing Guidelines permit a court to enhance a sentence for sophisticated means if the defendant's fraudulent conduct was "especially complex or especially intricate...." U.S.S.G § 2B1.1(b)(10)(C), cmt. n. 9(B). Whether a scheme is sophisticated must be viewed in light of the fraudulent conduct and differentiated, by assessing the intricacy or planning of the conduct, from similar offenses conducted by different defendants. In other words, the government must show that Bridges' money laundering was notably more intricate than that of the garden-variety money laundering scheme.

Money laundering requires a defendant to have knowingly engaged or attempted to have engaged in a monetary transaction in criminally derived property of a value greater than $10,000. 18 U.S.C. § 1957(a). Bridges used an

10

12393165.1

administrator account to reset passwords for other account users, and then logged into those other accounts and transferred bitcoins into his own account. (E.R. p. 166:11-17.) This type of online monetary transaction lacks the level of intricacy, deliberation, or complexity to distinguish Bridges' crime from a garden-variety money laundering crime.

The facts in the plea agreement and the government's sentencing memorandum, however, were not the primary facts upon which the district court determined the sophisticated means enhancement was appropriate; "one of the most significant factors" was Mr. Green's testimony and that Bridges' alleged actions could have gotten Mr. Green killed. (E.R. p. 71:5-15.) Counsel for Bridges objected to the surprise testimony of Mr. Green. (E.R. pp. 52:21-53:6.) This testimony was not subject to cross examination or scrutiny of any type, and did not meet the standard of clear and convincing evidence as required.

**C    Amount of Loss Adjustment Was Calculated Incorrectly.**

Bridges contends that the district court erred in its calculation of the loss amount. Under the 2015 Sentencing Guidelines, the amount of loss is the greater of actual loss or intended loss. U.S.S.G § 2B1.1(b)(1), cmt. n. 3(A). Actual loss is defined as "the reasonably foreseeable pecuniary harm that resulted from the offense," and pecuniary harm is defined as the harm "that is monetary of that otherwise is readily measurable in money." U.S.S.G § 2B1.1(b)(1), cmt. n. 3(A)(i)

11

and (iii).  Courts are permitted to use the gain that resulted from the offense as an alternative measure of loss "only if there is a loss but it reasonably cannot be determined."  U.S.S.G § 2B1.1(b)(1), cmt. n. 3(B).  Interest "of any kind" is to be excluded from calculation of loss.  U.S.S.G § 2B1.1(b)(1), cmt. n. 3(D)(i).

As agreed to by the parties, the value of the bitcoin Bridges transferred was approximately $350,000.  (E.R. p. 166:17-18.)  This is the actual loss as defined, and this amount would have resulted in a 12-level adjustment.  U.S.S.G § 2B1.1(b)(1)(G).  The amount of loss upon which the 14-level adjustment was calculated was $820,000, which does not represent the amount of loss, but rather what the money was worth after fluctuation in the market.

## IX.  CONCLUSION

The case should be remanded to the district court for further consideration of the issues raised herein.

DATED: August 5, 2016                    Respectfully submitted,
                                         HANSON BRIDGETT LLP


                                  By:    s/ Davina Pujari
                                         _____
                                         DAVINA PUJARI
                                         EMILY M. CHARLEY
                                         Attorneys for Defendant-Appellant
                                         Shaun W. Bridges

12

**CERTIFICATE OF COMPLIANCE**
**(FED. RULES APP. PROC., RULE 32(g)(1))**

I hereby certify that the text of this brief, excluding the caption page, the

tables of contents and authorities, signature block, this Certificate of Compliance,

the Proof of Service, and the Certificate of Filing and Service, consists of 2,564

words as counted by Microsoft Word, the word-processing program I used to

generate this document.

DATED: August 5, 2016                    HANSON BRIDGETT LLP


                                   By:_____s/ Davina Pujari_____
                                       DAVINA PUJARI
                                       EMILY M. CHARLEY
                                       Attorneys for Defendant-Appellant
                                       Shaun W. Bridges

13

12393165.1

## **PROOF OF SERVICE**

I certify that on August 5, 2016, I mailed a true copy of Defendant-Appellant's Opening Brief Filed Pursuant to *Anders v. California,* along with the accompanying Excerpts of Record (Volumes I and II) and Motion to Withdraw as Counsel on Appeal, to Defendant-Appellant Shaun W. Bridges as follows:

I enclosed the document in a sealed envelope addressed to Shaun Bridges, Inmate 20436-111, Federal Correctional Institute, P.O. Box 33, Terra Haute, IN 47808, and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

DATED: August 5, 2016          _____
                                           s/ Isabel Haas
                                          ISABEL HAAS

12393165.1

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I certify that on August 5, 2016, I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

DATED: August 5, 2016

_____
s/ Isabel Haas
ISABEL HAAS

12393165.1